IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EDWARD M. SKINNER,**    )  | |
|                                          )  | |
|           **Plaintiff,**           )  | |
|                                          )  | |
| v.                                    )  | Case No. 04-1318-JTM |
|                                          )  | |
| **MORTON SALT INTERNATIONAL**  ) | |
| **INC.,**                          )  | |
|                                          )  | |
|           **Defendant,**         )  | |
|                                          )  | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's application for the appointment of counsel (Doc. 3). In evaluating whether to appoint counsel to represent plaintiff, the court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. See Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992). Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time. Id. at 1421.

After careful consideration, the court declines to appoint counsel to represent plaintiff at this time. Plaintiff's pleadings demonstrate he has the capacity to prepare and articulate his

claims without the aid of counsel. Moreover, plaintiff's application reveals only limited efforts to secure the services of an attorney in the Wichita area who handles employment discrimination cases.[1] Under the circumstances, the court declines to appoint counsel.

**IT IS THEREFORE ORDERED** that plaintiff's "application for appointment of counsel" **(Doc. 3)** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of February 2005.

S/ Karen M. Humphreys
———————————————————
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1] There is no shortage of attorneys in the Wichita area willing to handle employment discrimination cases. Plaintiff's inability to find counsel suggests 1) a lack of diligence and/or 2) issues related to the merits of his case.