IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD M. SKINNER,

    Plaintiff,

vs.                              Case No. 04-1318-JTM

MORTON SALT INTERNATIONAL, Inc.,

    Defendant.

MEMORANDUM AND ORDER

    This is an action by plaintiff Edward Skinner against his former employer, Morton Salt International, Inc., alleging illegal discrimination and retaliation in violation of federal law. On September 30, 2005, Morton Salt filed a motion for summary judgment, premised largely on Skinner's failure to respond, and hence concession to, its July 7, 2005 Request for Admissions. Skinner, who appears pro se, has also not responded to Morton's summary judgment motion.

    Pursuant to D.Kan.R. 6.1(d)(2), a party opposing a motion for summary judgment must file any response no later than 23 days after the motion. Under Rule 7.4, if a party fails to respond to a motion within the time provided by Rule 6.1, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Under Rule 56(a), all of the movant's uncontested facts which are not specifically controverted by the nonmoving party are deemed admitted.

    The court hereby grants the summary judgment motion of the defendant (Dkt. No. 25), both pursuant to Rule 7.4 and on the merits. The uncontroverted facts submitted by the defendant (Dkt.

No. 26, 2-8, ¶¶ 1-15) are deemed admitted and are incorporated herein as findings of fact. Those facts include, inter alia, that plaintiff Skinner never reported any work injury to the defendant, and indeed refused to provide any medical information to the defendant, and that no alternate light-duty work was available to the plaintiff under the collective bargaining agreement. From admitted facts, it follows that plaintiff has admitted he was not retaliated against nor discriminated against on the basis of his disability or race, that he has failed to establish a prima facie case of either disability or race discrimination or retaliation, that he has failed to demonstrate that he is "disabled" within the meaning of the Americans with Disabilities Act, that he could not perform the essential functions of his job, and that his termination was not related to the alleged disability, race or retaliation but was instead the product of a legitimate, nondiscriminatory business judgment. For good cause shown, the defendant's motion will be granted.

IT IS ACCORDINGLY ORDERED this 8th day of December, 2005, that the defendant's Motion for Summary Judgment (Dkt. No. 25) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE